IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANNE MARIE MARQUIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No.: 05-501 |
| v. | ) |
| | ) |
| STATE OF DELAWARE, | ) Trial By Jury Demanded |
| DEPARTMENT OF SERVICES FOR | ) |
| CHILDREN, YOUTH AND THEIR | ) |
| FAMILIES, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### THE PARTIES

1. The plaintiff, Anne Marie Marquis (hereinafter referred to as "Plaintiff") was at all times relevant to this complaint a resident of the State of Delaware.

2. The defendant, the State of Delaware, Department of Services for Children, Youth and Their Families (hereinafter referred to as "Defendant") is an agency of the State of Delaware.

3. The plaintiff is a female psychologist, with a Graduate Doctorate Degree, employed by the defendant, as a treating psychologist at its facility located at the New Castle County Detention Center for juveniles.

### JURISDICTION

4. This Court had jurisdiction over this matter in that it is brought pursuant to the provisions of 28 U.S.C. §§1331, 1332 and 1343(a)(3)(4), 28 U.S.C. §§ 2201, 2202 as well as the Fourteenth Amendment of the United States Constitution.

5. In addition, this action also arises under Title VII, The Civil Rights Act of 1964, 42 U.S.C. §2000e, et.seq., as amended by the Civil Rights Act of 1991, §704 of Title VII, and 42 U.S.C. §1983.

## VENUE

6. The unlawful practices alleged herein were committed within the State of Delaware, accordingly venue lies with this Court under 42 U.S.C. §1339(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Prior to the filing of this action the plaintiff timely filed a charge of sexual discrimination and harassment simultaneously with the Delaware Department of Labor and the Equal Employment Opportunity Commission, on December 15, 2003 (a copy of which is attached hereto as Exhibit No. 1), alleging the discriminatory and harassing conduct, which occurred beginning in July 1999 and continue through December 9, 2003, constituting a continuing course of conduct by the defendant.

8. Thereafter, on or about January 3, 2005, the Delaware Department of Labor issued a "Reasonable Cause Determination" that "...there is reasonable cause to believe that an unlawful employment practice has occurred."

9. Subsequently, on April 18, 2005, the United State Equal Employment Opportunity Commission issued to the plaintiff, at the plaintiff's request a "Notice of Right to Sue" (attached hereto as Exhibit No. 2).

## FACTS

10. The plaintiff is a female employee who began working for the defendant on or about June 19, 1999 as a child psychologist.

11. During the summer of 1999 the plaintiff was physically harassed by a co-worker, and that harassment was immediately reported to the plaintiff's supervisor, Andrew Haddert, who, in fulfilling his obligations, then reported the complaint to the defendant's administration.

12. Following that complaint, while the offensive physical contact by the perpetrator of the sexual harassment ceased, the perpetrator continued his non-contact harassing conduct towards the plaintiff by leering at her, physically approaching her, and acting in a threatening manner.

13. The actions of the perpetrator of the sexual harassment made statements that he would want to see the plaintiff in spandex, physically cornering the plaintiff in her office, and continual attempts to place himself in close physical proximity to the plaintiff, as a form of intimidation.

14. The perpetrator of the sexual harassment was subsequently promoted to a supervisor position and continued the mental and psychological harassment of the plaintiff.

15. In March 2003, the perpetrator was assigned to the same shift to the plaintiff where his conduct became more aggravated, and the plaintiff, was forced to complain of his actions to the administration.

16. On or about April 11, 2003, a meeting was held between the plaintiff, administration and the perpetrator of the sexual harassment, during which the perpetrator admitted to one or more of the harassing incidents.

17. Following the meeting of April 11, 2003, the perpetrator of the sexual harassment continued his psychological and mental intimidation and harassment with a result that the plaintiff filed a formal complaint with the defendant's Division of Human Resources Department in May 2003.

18. As a result of the Complaint filed in May 2003, on or about September 29, 2003 a decision was made through that investigation that the allegations made by the plaintiff were substantiated and recommendations for actions to relieve the plaintiff of the harassment were made to appropriate division officials.

19. The administration of the plaintiff's division has taken no action to prevent further harassment.

20. The plaintiff has on a regular and continual basis spoken out on matters of public concern with regards to the care of the juvenile residents at the facility to which she is assigned.

21. On December 9, 2003, she contacted Shirley R. Bryson concerning inadequate care for some of the juvenile's in her assigned facility.

22. On April 21, 2003 she contacted J.E. Harrington confirming that she had been denied permission to visit various units so she could attend to juveniles for whose care she was responsible.

23. During the year 2005, on at least 30 different occasions she spoke in writing complaining about the failure to abide by, among other things, a violation of Suicide Prevention Policy No. 73, unsupervised residents.

24. As a direct result of an in retaliation for the matters of public concern, about which the plaintiff made comments, the defendant has failed to take appropriate actions to protect her from the harassment of the perpetrator described herein.

25. As a direct and proximate result of the failure of the defendants to take appropriate remedial action to prevent the perpetrator of the sexual harassment from continuing his actions, the plaintiff has been unable to go about her normal and proper work activities, and has been forced to endure mental suffering, pain and discomfort.

## COUNT I

### Discrimination Under 42 U.S.C. §2000e

26. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 20.

27. The defendant's employees have viewed the plaintiff in a discriminatory and harassing fashion based upon her sex, so as to constitute a hostile work environment in violation of 42 U.S.C. §2000e-2.

## COUNT II

### Retaliation Under 42 U.S.C. §2000e-3

28. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 22.

29. The actions of the defendant in failing to protect the plaintiff from the intimidation and harassment of the perpetrator as described herein was a result and retaliation for her opposition to claims of employment discrimination and such failures were retaliatory in violation of 42 U.S.C. §2000e-(3).

## COUNT III

### Free Speech Violation

30. The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 24.

31. The defendant took action adverse to the plaintiff as a direct and proximate result of retaliation of the plaintiff exercising her First Amendment protected speech on matters of public concern. There is a demonstrated and admitted causal relationship between the plaintiff's aforementioned protected speech and the adverse employment actions described herein, which

allowed the plaintiff to continue to suffer the sexual harassment as described herein, and thus, the First Amendment protected activity was a substantial or motivating factor in creating a hostile environment for the plaintiff.

32. The defendant cannot prove by a preponderance of the evidence that absent a constitutional violation, they would have had appropriate grounds to allow the harassing conduct towards the plaintiff.

33. The plaintiff's constitutional right of free speech has been denied under the First Amendment of the United States Constitution and 42 U.S.C. §1983.

**WHEREFORE,** the plaintiff requests this Court to:

a. Enter a judgment against the defendants.

b. Enter a declaratory judgment stating that the acts of the defendant are a violation of the plaintiff's constitutional rights.

c. Enter a declaratory judgment declaring that the acts of the defendant are in violation of Title VII, 42 U.S.C. §2000e.

d. Enter a judgment against the defendant for compensatory damages, including any lost wages, and for her pain, suffering, humiliation, embarrassment, and other personal injuries.

e. Enter injunctive relief directing that the defendant take appropriate actions to cause all discriminatory and harassing conduct towards the plaintiff to cease.

f. Award the plaintiff costs, interest, and attorney fees for this lawsuit.

e. Award such other and further relief as this Court deems just and appropriate.

ABER, GOLDLUST, BAKER & OVER

_____
GARY W. ABER (DSB #754)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899
(302) 472-4900
Attorney for Plaintiff

DATED: July 19, 2005