IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANNE MARIE MARQUIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-501-SLR |
| | ) |
| STATE OF DELAWARE, | ) |
| DEPARTMENT OF SERVICES FOR | ) |
| CHILDREN, YOUTH AND THEIR | ) |
| FAMILIES, | ) |
| | ) |
| Defendant. | ) |

## ANSWER

1.  The Defendant is without sufficient knowledge or information sufficient to form a belief as to the truthfulness of this paragraph.

2.  Admitted.

3.  Admitted that the Plaintiff has maintained continuous employment as a psychologist at the New Castle County Detention Center, denied as to the remainder of the allegations contained in the paragraph.

4.  The paragraph states a legal conclusion/argument to which no response is required. To the extent an answer is required, it is specifically denied in its entirety.

5.  The paragraph states a legal conclusion/argument to which no response is required. To the extent an answer is required, it is specifically denied in its entirety.

6.  The paragraph states a legal conclusion/argument to which no response is required. To the extent an answer is required, it is specifically denied in its entirety.

7.  The paragraph states a legal conclusion/argument to which no response is required. To the extent an answer is required, it is specifically denied in its entirety.

8.      Admitted that the Delaware Department of Labor accepted the allegations of the Plaintiff, denied as to the remainder of the allegations contained in the paragraph.

9.      Admitted that the Plaintiff was issued a "Notice of Right to Sue" letter on April 18, 2005 at her request.

10.     Admitted that the Plaintiff is employed by the Department of Services for Children, Youth, and their Families.  The balance of the paragraph is denied.

11.     The Defendant is without sufficient knowledge or information sufficient to form a belief as to the truthfulness of this paragraph with respect to any individual with the last name Haddert.  On information and belief, the Plaintiff was supervised by an individual named Andrew Hadden.  Denied that any harassment was immediately reported.

12.     The Defendant is without sufficient knowledge or information sufficient to form a belief as to the truthfulness of this paragraph.

13.     The Defendant is without sufficient knowledge or information sufficient to form a belief as to the truthfulness of this paragraph.

14.     The Defendant is without sufficient knowledge or information sufficient to form a belief as to the truthfulness of this paragraph.

15.     The Defendant is without sufficient knowledge or information sufficient to form a belief as to the truthfulness of this paragraph.

16.     The Defendant is without sufficient knowledge or information sufficient to form a belief as to the truthfulness of this paragraph.

17.     The Defendant is without sufficient knowledge or information sufficient to form a belief as to the truthfulness of this paragraph.

18. The Defendant is without sufficient knowledge or information sufficient to form a belief as to the truthfulness of this paragraph.

19. Denied.

20. The paragraph states a legal conclusion/argument to which no response is required. To the extent an answer is required, it is specifically denied in its entirety.

21. The Defendant is without sufficient knowledge or information sufficient to form a belief as to the truthfulness of this paragraph.

22. Denied as alleged. The Plaintiff was concerned about her personal safety when visiting various housing units, and as a result, by agreement with her supervisors was granted permission to see residents in her office as opposed to at their housing units.

23. The Defendant is without sufficient knowledge or information sufficient to form a belief as to the truthfulness of this paragraph.

24. The paragraph states a legal conclusion/argument to which no response is required. To the extent an answer is required, it is specifically denied in its entirety.

25. The paragraph states a legal conclusion/argument to which no response is required. To the extent an answer is required, it is specifically denied in its entirety.

26. The Defendant incorporates herein and makes a part hereof the answers contained in paragraphs 1 through 25 of this Answer.

27. The paragraph states a legal conclusion/argument to which no response is required. To the extent an answer is required, it is specifically denied in its entirety.

28. The Defendant incorporates herein and makes a part hereof the answers contained in paragraphs 1 through 27 of this Answer.

29.	The paragraph states a legal conclusion/argument to which no response is required. To the extent an answer is required, it is specifically denied in its entirety.

30.	The Defendant incorporates herein and makes a part hereof the answers contained in paragraphs 1 through 29 of this Answer.

31.	The paragraph states a legal conclusion/argument to which no response is required. To the extent an answer is required, it is specifically denied in its entirety.

32.	The paragraph states a legal conclusion/argument to which no response is required. To the extent an answer is required, it is specifically denied in its entirety.

33.	The paragraph states a legal conclusion/argument to which no response is required. To the extent an answer is required, it is specifically denied in its entirety.

## DEFENSES/AFFIRMATIVE DEFENSES

### First Defense

34.	This matter is barred by the Eleventh Amendment of the U.S. Constitution.

### Second Defense

35.	The Court lacks original jurisdiction pursuant to Art. III, § 2 of the U.S. Constitution.

### Third Defense

36.	The complaint fails to state a legal claim for which relief can be granted.

### Fourth Defense

37.	The complaint should dismissed, in whole or in part, for failure to exhaust administrative remedies.

### Fifth Defense

38. Plaintiff's claims, in whole or in part, are barred by the appropriate statute of limitation, repose, or other statutorily required administrative time requirement.

### Sixth Defense

39. The Defendant took prompt remedial action upon learning of the Plaintiff's concerns.

### Seventh Defense

40. The Defendant exercised reasonable care to prevent and correct promptly any allegedly sexually harassing behavior and the Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

### Eighth Defense

41. The Plaintiff failed to mitigate any alleged damages.

**WHEREFORE**, the Defendant demands that judgment be entered in its favor as to all claims and against the Plaintiff as to all claims and that attorney fees be awarded to the Defendant.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

/s/ Aaron R. Goldstein
Aaron R. Goldstein
James J. Maxwell
Deputy Attorneys General
Department of Justice
Carvel State Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400

DATE: November 7, 2005        aaron.goldstein@state.de.us

## *CERTIFICATE OF SERVICE*

I hereby certify that on November 7, 2005, I electronically filed the *Defendant's Answer to the Complaint* with the Clerk of Court using CM/ECF which will send notification of such filing to the following: Gary W. Aber, Esquire.

/s/ Aaron R. Goldstein
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
aaron.goldstein@state.de.us