## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANNE MARIE MARQUIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-501-SLR |
| | ) | |
| STATE OF DELAWARE, | ) | |
| DEPARTMENT OF SERVICES FOR | ) | |
| CHILDREN, YOUTH AND THEIR | ) | |
| FAMILIES, | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE AND CERTIFICATE OF SERVICE

I, Aaron R. Goldstein, Attorney for Defendant, hereby certify that on March 14, 2006, I served upon all persons listed below two true and correct copies of Defendant's First Set of Interrogatories in the above-captioned matter by hand delivery:

Gary W. Aber, Esquire
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899
*Attorney for the Plaintiff*

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

/s/ Aaron R. Goldstein
_____

Aaron R. Goldstein (I.D. # 3735)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorney for Defendant DSCYF.

DATE:  March 14, 2006

A00073

## *CERTIFICATE OF MAILING AND/OR DELIVERY*

I hereby certify that on March 14, 2006, I electronically filed the attached *Notice and Certificate of Service of Defendant's First Set of Interrogatories* with the Clerk of the Court using CM/ECF which will send notification of such filing to the following: Gary W. Aber, Esquire.

/s/ Aaron R. Goldstein
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
aaron.goldstein@state.de.us

A00074

## Discovery Documents
1:05-cv-00501-SLR Marquis v. State of Delaware et al

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Goldstein, Aaron entered on 3/14/2006 at 8:28 AM EST and filed on 3/14/2006

**Case Name:** Marquis v. State of Delaware et al
**Case Number:** 1:05-cv-501
**Filer:** Department of Services for Children, Youth and their Families
**Document Number:** 9

**Docket Text:**
NOTICE OF SERVICE of Defendant's First Set of Interrogatories by Department of Services for Children, Youth and their Families.(Goldstein, Aaron)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=3/14/2006] [FileNumber=183475-0]
[123295380f2bb4552ea6cae8f9eed9416564a1402a4acef29b2f9a5b3576bf120157
03bfc1d7a3029d810e596c336bce84e34ba761c0c1dd3f304ae3671dc63b]]

**1:05-cv-501 Notice will be electronically mailed to:**

Gary W. Aber    gaber@gablawde.com,

Aaron R. Goldstein    Aaron.Goldstein@state.de.us

James J. Maxwell    james.maxwell@state.de.us,

**1:05-cv-501 Notice will be delivered by other means to:**

A00075

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ANNE MARIE MARQUIS, )
)
        Plaintiff, )
)
        v. )      C.A. No. 05-501-SLR
)
STATE OF DELAWARE, )
DEPARTMENT OF SERVICES FOR )
CHILDREN, YOUTH AND THEIR )
FAMILIES, )
)
        Defendant. )

## DEFENDANT DSCYF'S FIRST SET OF
## INTERROGATORIES TO PLAINTIFF

Defendant DSCYF hereby requests, pursuant to Rule 33 of the Federal Rules of Civil

Procedure, that Plaintiff Anne Marie Marquis answer truthfully in writing under oath in

accordance with the following Definitions and Instructions the following First Set of

Interrogatories within thirty (30) days after the date of service, to the Department of Justice, 820

N. French Street. 6th Floor, Wilmington, DE 19801, or at such other time or place as may be

agreed upon by counsel or ordered by the Court.

## DEFINITIONS

1.      The term "Plaintiff" refers to Anne Marie Marquis.

2.      The term "you" shall refer to the Plaintiff.

3.      "DSCYF" shall refer to the State of Delaware Department of Services for

Children, Youth, and their Families and any of its administrative agencies, divisions, facilities,

employees, directors, and officers or any other person or entity acting on its behalf.

4.      "Person" refers to any individual, corporation, partnership, association or other

entity.

A00076

5.      "Document" is used herein as that term is used under Rule 34 of the Federal Rules of Civil Procedure.  Further, the word "document" is used in the broad and liberal sense and means written, typed, printed, recorded or graphic matter, however produced or reproduced, of any kind and description, and whether an original, master, draft, duplicate or copy, including but not limited to, correspondence, memoranda, notes, records, letters, envelopes, messages, contracts, agreements, drawings, telegrams, tape recordings, communications (including inter-office and intra-office memoranda), reports, studies, working papers, summaries, statistical statements, financial statements, accounts, electronic mail messages, surveys, charts, graphs, films, microfiche, microfilm, videotape, corporate records, minutes of meetings, notebooks, bank deposit slips, bank checks, canceled checks, diaries, diary entries, appointment books, desk calendars, photographs, brochures, pamphlets, bulletins, notices, drawings, diagrams, transcriptions or sound recordings of any type of personal or telephone conversations or negotiations, meetings or conferences, or things similar to any of the foregoing, and include any data, information or statistics contained within any data storage modules, tapes, discs or other memory device, or other information retrievable from storage systems, including but not limited to computer generated reports and print-outs.  The word "document" also includes data compilations from which information can be obtained, and translated, if necessary, by the respondent through detection devices in a reasonably usable form.  If any document has been modified by the addition of notations or otherwise, or has been prepared in multiple copies, which are not identical, each modification copy or non-identical copy is a separate "document."

6.      "Communications" shall mean oral and written communications of all kinds, including, but not limited to, letters, telegrams, exchanges of written or recorded information, face-to-face meetings, and telephone conversations.

7.      The terms "refer," "relate" and "discuss" shall mean and include constituting or

referring to, pertaining to, evidencing, describing, mentioning, commenting on, connected with, discussing, analyzing, explaining, showing, reflecting, setting forth, dealing with, comprising, consisting of, containing, constituting, resulting from, recording, has anything to do with, or in anyway relevant to a particular subject in whole or in part and either directly or indirectly.

8.    The term "identify" when used herein shall have the following meanings as the context shall make appropriate:

(a)    When referring to a natural person, his or her full name, present or last known home and business addresses and his or her business affiliation during the period to which the interrogatory response refers and at present (or last known);

(b)    When used in reference to an organization or entity, the full legal name, the form of such organization or entity, the name of the jurisdiction under whose laws it is or was organized, and the address of its principal place of business;

(c)    When used in reference to a document:

(1) the type of document (*e.g.*, letter, memorandum, etc.), and its date;

(2) the identity of the person who prepared the document;

(3) the date or dates of preparation thereof;

(4) the identity of each person who presently has custody, control, or possession thereof (and, if any such document was, but is no longer, in the possession or control of the State Defendants, state what disposition was made of it and when and why it was disposed of); and

(5) notwithstanding the foregoing, when an interrogatory asks for the identity of any document, the Plaintiff may, pursuant to Rule 33(c) of the Federal Rules of Civil Procedure, in lieu of identifying such document, produce a copy of the document, together with a statement as to the interrogatory to which it responds.

(d)    When used in reference to an act, instance, transaction, occasion, oral discussion, conversation, communication or event, the date upon which it occurred and the place it occurred, the identity, including address, of each

person who participated therein or who was present when it occurred, its substance (*i.e.,* what was said and by whom and/or what transpired) and the identity of each document which, in whole or in part, was the subject of the act or in which the act is manifested, referred to, or expressed.

## INSTRUCTIONS

1. You are instructed to answer each of the following interrogatories separately, in writing in accordance with the Federal Rules of Civil Procedure. If an objection is made, the reason therefor should be stated with specificity. You may not give lack of information or knowledge as a reason for your failure to answer unless you state that you have made a reasonable inquiry and that information known or easily obtainable by you is insufficient to enable you to answer.

2. Unless otherwise indicated, the use in the interrogatories of the name of any party, person or organization shall specifically include all agents, employees, officers, directors, representatives, attorneys, divisions, and all other persons acting or purporting to act through, on behalf of, at the direction of, or under the control of the subject party, person or organization.

3. For purposes of interpreting or construing the scope of the Interrogatories, all terms shall be given their most expansive and inclusive interpretation unless otherwise specifically limited by the language of an individual request. This includes, without limitation, the following:

    (a) Construing "and" as well as "or" in the disjunctive or conjunctive so as to require the fullest and most complete disclosure of all requested information and documents;

    (b) Construing the singular to always include the plural and the present to always include the past tense;

    (c) Construing the masculine to include the feminine and vice versa;

    (d) Construing the term "including" to mean including, without limitation as to the particular items listed; and

(e) Construing the terms "all" and "each" as "all and each."

4.  The interrogatories are intended to include all information in your possession or subject to your custody or control, whether directly or indirectly. Information is deemed to be within your possession, custody or control if:

(a) It is within your actual knowledge or possession; or

(b) It is within the knowledge of any other person or entity and you could obtain the information upon conducting a reasonable inquiry.

5.  In the event you claim that an interrogatory is overbroad, you shall respond to that portion of the interrogatory which is unobjectionable and specifically identify the respect in which the interrogatory is allegedly overly broad.

6.  In the event you claim that an interrogatory is unduly burdensome, then you shall respond to that portion of the interrogatory which is unobjectionable and specifically identify the respect in which the interrogatory is allegedly unduly burdensome.

7.  If any information requested by these interrogatories has been destroyed, lost, discarded or otherwise disposed of, identify such information as completely as possible, including, without limitation, the following information: contents; author(s); recipient(s); sender(s); date prepared and/or received; date of disposal/destruction; manner of disposal/destruction; any person(s) currently in possession of the information; the person(s) disposing of/destroying the information; and the circumstances surrounding the disposal or destruction of the information.

8.  Where a claim of privilege or immunity is asserted in responding or objecting to any discovery requested in these interrogatories, and information is withheld on the basis of such assertion, the following information shall be provided:

(a) The nature of the privilege or immunity claimed (e.g., attorney client

privilege, work product immunity);

(b) The basis of the claim of privilege or immunity;

(c) The identity of each person possessing the information withheld; and

(d) If the information withheld constitutes or relates to a communication, the date and place of the communication and the general subject matter of the communication.

If a document contains both privileged and unprivileged material, the unprivileged material shall be disclosed to the fullest extent possible without disclosing the privileged material.

You are cautioned that your obligation to provide proper responses to these Interrogatories cannot be fulfilled unless you read each question in conjunction with the definitions provided above to ensure that all requested documentation and tangible items are provided as required under the Federal Rules of Civil Procedure.

## **INTERROGATORIES**

1.      Identify by name, address, and telephone number all persons with knowledge of the facts as to each allegation set forth in your complaint in the above-referenced complaint and identify those persons that have been interviewed on your behalf and as to the interview, state: the date, the location, the subject matter and any documents discussed, identified or provided by that person.

**Answer:**


2.      Identify each and every document or other item of evidence that you intend to use in this lawsuit, for any purpose, including, but not limited to cross-examination, of for use at or during any deposition, pretrial or trial proceeding.

**Answer**:

3.    For each allegation you are presenting in this matter, state with particularity and specificity the complete factual basis for each allegation and identify all persons having knowledge as well as each and all documents or other items of evidence in your possession that relate to each claim.

**Answer**:

4.    Identify in chronological order all health care providers (e.g. doctors, dentists, physicians, surgeons, therapists, etc.) that have treated or examined you in the last 10 years and provide the dates of service or treatment, the nature of any treatment or examination and the result of each treatment or examination.

**Answer**:

5.    State and identify by names of parties, court or administrative body and case number all lawsuits or legal proceedings, at law or equity, of any nature in which you were a party and the disposition of that matter.

**Answer**:

6.    Identify by name, address, phone number, location, date and persons present, all individuals that have been interviewed by you in connection with this matter and whether any documents or memoranda were prepared relating to that interview.

**Answer**:

7.    Identify any and all photographs, videotapes, audio tapes or any other form of recording media that relate to this matter, and state the time, date, location and manner that such were made as well as the names of all individuals that have the originals or copies.

**Answer:**

8.    State and describe, by amount and source, all funds provided to you for the last 10 years and include the dates you first starting receiving such funds and the reasons the funds are provided to you.

**Answer:**

9.    State and describe in chronological order, any and all interviews, offers to hire, or offers to transfer your employment extended to you by DSCYF or the State of Delaware during your employment with DSCYF.  Please also include the date, time, method of communication, and person communicating this information to you on behalf of DSCYF.  To the extent such offer was the result of your application for such a position, please indicate the method that you applied for this position.

**Answer:**

10.    Regarding your employment history since age 18, list in chronological order the names of all your employers, location of the job, position or duties of position and inclusive periods of such employment to the present time.

**Answer:**

11.    List in chronological order all of your formal education.  Please include the name and address of each educational institution or school, the dates of your attendance and the degree(s) awarded.

**Answer:**


12.    For each occasion on which you complained about any form of workplace harassment, please state with specificity the following:

a) when your complaint was made;

b) to whom the complaint was made;

c) whether as a result of any such complaint you met with any other DSCYF employee to discuss the subject matter of your complaint making specific reference to each person in attendance and the dates of such meetings;

d) whether you or any other employee entered into any agreement as a result of any such complaint;

e) whether such agreement was ever reduced to a written document;

f) in the event that any such agreement was deemed by you to have been violated, what efforts you took to bring this to the attention of any other DSCYF employee, including when, how, where, and to whom such violation was addressed.

**Answer:**

A00084

13.    Regarding the "co-worker" you alleged sexually harassed you, please state the following:

        (a)    the name, rank, and title of this individual;

        (b)    when and under what circumstances you first met him;

        (c)    what, if any, employment-related contact you had with him during your entire DSCYF career;

        (c)    whether you have ever had non-employment or social contact with him and if so the nature of such contact;

        (d)    whether you have ever been romantically involved with him or any other co-worker, and if so, during what period of time?

**Answer:**


14.    Describe in detail every physical or mental injury you contend you have received as a result of the Defendant's conduct.

**Answer:**


15.    If you claim any resulting psychological, emotional, or mental injury in relation to this matter, please state all medical professionals, treatment specialists, or therapists with whom you have consulted in relation to these alleged injuries and state whether you are willing to sign an authorization to release any and all medical records to the Defendant.

**Answer:**

16.    Identify the name, address, and telephone number of each physician, psychiatrist, psychologist, and health care provider you have consulted during the ten years prior to filing the complaint in this case. As to each, provide the dates of consultation, purpose of the consultation, diagnosis, and treatment received and/or prescribed.

**Answer:**

17.    Please explain in detail the allegations in paragraph 12 of your complaint including the nature of the conduct alleged, the date, time, and location of each incident of:

        a)    "leering";

        b)    "physically approaching";

        c)    "acting in a threatening manner"

**Answer:**

18.    With respect to paragraph 13 of your complaint, on what date were each of the statement(s) made, and on what dates did the alleged attempts to place co-worker in close physical proximity occur:

**Answer:**

19.    Please list all accommodations or efforts to accommodate your difficulties with the alleged "perpetrator of the sexual harassment" as identified in your complaint, by the

DSCYF, including but not limited to the following:

        a)     whether your initial complaints about the "perpetrator of the sexual harassment" were investigated;

        b)     whether the "perpetrator of the sexual harassment" was disciplined in any way as a result of such investigation;

        c)     whether you ever requested that any other DSCYF employee be investigated for mistreating you in any way, and if so the name of any such employee and the basis for such request;

        d)     whether any changes in the assigned shifts of the "perpetrator of the sexual harassment" interrupted his ability to have contact with you, including the dates of such interruption.

    **Answer:**

20.    With respect to paragraph 17 of your complaint wherein you refer to "a formal complaint with the defendant's Division of Human Resources Department" please state the following:

        a)     the names, addresses, and employment locations for each person that you contacted in relation to this formal complaint;

        b)     whether you had ever filed such a formal complaint at a date prior to May 2003 regarding your alleged harassment;

        c)     why you waited until May 2003 to formally complain about your alleged harassment;

      d)        whether you had an ability to file a "formal complaint" immediately upon your first alleged harassment in 1999 as alleged in paragraph 11 of your complaint;

      e)        whether you had an ability to file a "formal complaint" immediately upon the alleged harassment in paragraph 12 of your complaint;

      f)        whether you had an ability to file a "formal complaint" immediately upon the alleged harassment in paragraph 15 of your complaint.

**Answer:**

21.    With respect to paragraph 19 of your complaint:

      a)        please identify any and all individuals who are members of the "administration" you are referring to;

      b)        whether your transfer to a different DSCYF facility would have constituted "action to prevent further harassment."

      c)        when and what incidents of harassment, if any, do you allege have occurred since 2003?

      d)        when and to whom were such alleged incidents reported.

**Answer:**

22.    With respect to paragraph 21 through 23;

      a)        name all DSCYF employees you spoke to.

      b)        the dates these conversations occurred.

      c)        about what you spoke.

d)    the nature of the conversation, and the time, date, and substance of each response thereto.

**Answer:**

23.    With respect to your allegations at paragraph 21 through 23, please state whether any of the speech alleged therein was communicated to any individual other than an employee of the DSCYF.  If your answer is anything other than an unqualified "no", please state the following:

a)  the names of any such individual;

b)  the date such speech was communicated;

c)  the content of the communication;

d)  what individuals were aware that you had made such communication;

e)  the purpose of your alleged communication.

**Answer:**

24.    With respect to your allegations at paragraph 31, please identify with specificity any statements, documents, or other evidence supporting the following:

a)    your allegation that there is a "demonstrated and admitted causal relationship" between your speech and alleged retaliation;

b)    each and every "adverse employment action";

c)    who do you allege, if anyone, purposely failed to take action on alleged

harassment in retaliation for your comments about matters of public concern;

        d)      when did this inaction allegedly occur.

        e)      your allegation that the "perpetrator of the sexual harassment" had any

knowledge of your allegedly protected speech.

        **Answer:**


                **STATE OF DELAWARE**
                **DEPARTMENT OF JUSTICE**

                Aaron R. Goldstein, ID# 3735
                Deputy Attorney General
                Department of Justice
                820 N. French Street, 6th Floor
                Wilmington, DE 19801
                302-577-8400
Date:   March 14, 2006          Attorney for Defendant.

A00090

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ANNE MARIE MARQUIS,                    )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )    C.A. No. 05-501-SLR
                                       )
STATE OF DELAWARE,                     )
DEPARTMENT OF SERVICES FOR             )
CHILDREN, YOUTH AND THEIR              )
FAMILIES,                              )
                                       )
            Defendant.                 )

## NOTICE AND CERTIFICATE OF SERVICE

I, Aaron R. Goldstein, Attorney for Defendant, hereby certify that on March 14,

2006, I served upon all persons listed below two true and correct copies of Defendant's

First Requests for Production in the above-captioned matter by hand delivery:

> Gary W. Aber, Esquire
> 702 King Street, Suite 600
> P.O. Box 1675
> Wilmington, DE 19899
> *Attorney for the Plaintiff*

                              **STATE OF DELAWARE**
                              **DEPARTMENT OF JUSTICE**

                              /s/ Aaron R. Goldstein

                              _____
                              Aaron R. Goldstein (I.D. # 3735)
                              Deputy Attorney General
                              820 N. French Street, 6th Floor
                              Wilmington, DE 19801
                              (302) 577-8400
DATE:  March 14, 2006        Attorney for Defendant DSCYF.

A00091

## *CERTIFICATE OF MAILING AND/OR DELIVERY*

I hereby certify that on March 14, 2006, I electronically filed the attached *Notice and Certificate of Service of Defendant's First Requests for Production* with the Clerk of the Court using CM/ECF which will send notification of such filing to the following: Gary W. Aber, Esquire.

/s/ Aaron R. Goldstein
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
aaron.goldstein@state.de.us

A00092

## Discovery Documents
1:05-cv-00501-SLR Marquis v. State of Delaware et al

### U.S. District Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Goldstein, Aaron entered on 3/14/2006 at 8:32 AM EST and filed on 3/14/2006

**Case Name:**        Marquis v. State of Delaware et al
**Case Number:**      1:05-cv-501
**Filer:**            Department of Services for Children, Youth and their Families
**Document Number:** 10

**Docket Text:**
NOTICE OF SERVICE of Defendant's First Requests for Production by Department of Services for Children, Youth and their Families.(Goldstein, Aaron)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=3/14/2006] [FileNumber=183478-0]
[6169bf60fc3126f5d624c7f78636b0881234a854d047683e4d098323228b05c65201
5442c36093dfe28c5880b0c61943fa0d5a57a4ef932b6a79f76ca59595be]]

**1:05-cv-501 Notice will be electronically mailed to:**

Gary W. Aber        gaber@gablawde.com,

Aaron R. Goldstein    Aaron.Goldstein@state.de.us

James J. Maxwell      james.maxwell@state.de.us,

**1:05-cv-501 Notice will be delivered by other means to:**

A00093

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ANNE MARIE MARQUIS,                      )
                                         )
     Plaintiff,                          )
                                         )
     v.                                  )    C.A. No. 05-501-SLR
                                         )
STATE OF DELAWARE,                       )
DEPARTMENT OF SERVICES FOR               )
CHILDREN, YOUTH AND THEIR                )
FAMILIES,                                )
                                         )
     Defendant.                          )

## DEFENDANT DOC'S FIRST REQUEST FOR PRODUCTION
## DIRECTED TO PLAINTIFF

Defendant DSCYF hereby requests, pursuant to Rule 34 of the Federal Rules of Civil Procedure, that Plaintiff Anne Marie Marquis (1) respond in writing to the following First Set of Requests for Production within 30 days after the date of service, and (2) produce the following documents and tangible things for inspection, testing, and copying within 10 days thereafter at the Department of Justice, 820 N. French Street. 6th Floor, Wilmington, DE 19801, or at such other time or place as may be agreed upon by counsel or ordered by the Court.

## DEFINITIONS

1.      The term "Plaintiff" refers to Anne Marie Marquis.

2.      The term "you" shall refer to the Plaintiff.

3.      "DSCYF" shall refer to the State of Delaware Department of Services for Children, Youth, and their Families, and any of its administrative agencies, divisions, facilities, employees, directors, and officers or any other person or entity acting on its behalf.

4.      "Person" refers to any individual, corporation, partnership, association or other

A00094

entity.

     5.        "Document" is used herein as that term is used under Rule 34 of the Federal Rules of Civil Procedure. Further, the word "document" is used in the broad and liberal sense and means written, typed, printed, recorded or graphic matter, however produced or reproduced, of any kind and description, and whether an original, master, draft, duplicate or copy, including but not limited to, correspondence, memoranda, notes, records, letters, envelopes, messages, contracts, agreements, drawings, telegrams, tape recordings, communications (including inter-office and intra-office memoranda), reports, studies, working papers, summaries, statistical statements, financial statements, accounts, electronic mail messages, surveys, charts, graphs, films, microfiche, microfilm, videotape, corporate records, minutes of meetings, notebooks, bank deposit slips, bank checks, canceled checks, diaries, diary entries, appointment books, desk calendars, photographs, brochures, pamphlets, bulletins, notices, drawings, diagrams, transcriptions or sound recordings of any type of personal or telephone conversations or negotiations, meetings or conferences, or things similar to any of the foregoing, and include any data, information or statistics contained within any data storage modules, tapes, discs or other memory device, or other information retrievable from storage systems, including but not limited to computer generated reports and print-outs. The word "document" also includes data compilations from which information can be obtained, and translated, if necessary, by the respondent through detection devices in a reasonably usable form. If any document has been modified by the addition of notations or otherwise, or has been prepared in multiple copies, which are not identical, each modification copy or non-identical copy is a separate "document."

     6.        "Communications" shall mean oral and written communications of all kinds, including, but not limited to, letters, telegrams, exchanges of written or recorded information, face-to-face meetings, and telephone conversations

7.      The terms "refer," "relate" and "discuss" shall mean and include constituting or referring to, pertaining to, evidencing, describing, mentioning, commenting on, connected with, discussing, analyzing, explaining, showing, reflecting, setting forth, dealing with, comprising, consisting of, containing, constituting, resulting from, recording, has anything to do with, or in anyway relevant to a particular subject in whole or in part and either directly or indirectly.

8.      The term "identify" when used herein shall have the following meanings as the context shall make appropriate:

   (a)   When referring to a natural person, his or her full name, present or last known home and business addresses and his or her business affiliation during the period to which the interrogatory response refers and at present (or last known);

   (b)   When used in reference to an organization or entity, the full legal name, the form of such organization or entity, the name of the jurisdiction under whose laws it is or was organized, and the address of its principal place of business;

   (c)   When used in reference to a document:

        (1) the type of document (*e.g.*, letter, memorandum, etc.), and its date;

        (2) the identity of the person who prepared the document;

        (3) the date or dates of preparation thereof;

        (4) the identity of each person who presently has custody, control, or possession thereof (and, if any such document was, but is no longer, in the possession or control of any of the Plaintiffs, state what disposition was made of it and when and why it was disposed of); and

   (d)   When used in reference to an act, instance, transaction, occasion, oral discussion, conversation, communication or event, the date upon which it occurred and the place it occurred, the identity, including address, of each person who participated therein or who was present when it occurred, its substance (*i.e.,* what was said and by whom and/or what transpired) and the identity of each document which, in whole or in part, was the subject of the act or

A00096

in which the act is manifested, referred to, or expressed.

## INSTRUCTIONS

1.    You are instructed to answer each of the following requests for production separately, in writing in accordance with the Federal Rules of Civil Procedure. If an objection is made, the reason therefor should be stated with specificity. You may not give lack of information or knowledge as a reason for your failure to answer unless you state that you have made a reasonable inquiry and that information known or easily obtainable by you is insufficient to enable you to answer.

2.    Unless otherwise indicated, the use in the requests for production of the name of any party, person or organization shall specifically include all agents, employees, officers, directors, representatives, attorneys, divisions, and all other persons acting or purporting to act through, on behalf of, at the direction of, or under the control of the subject party, person or organization.

3.    For purposes of interpreting or construing the scope of the requests for production, all terms shall be given their most expansive and inclusive interpretation unless otherwise specifically limited by the language of an individual request. This includes, without limitation, the following:

(a) Construing "and" as well as "or" in the disjunctive or conjunctive so as to require the fullest and most complete disclosure of all requested information and documents;

(b) Construing the singular to always include the plural and the present to always include the past tense;

(c) Construing the masculine to include the feminine and vice versa;

(d) Construing the term "including" to mean including, without limitation as to the particular items listed; and

A00097

(e) Construing the terms "all" and "each" as "all and each."

4.      The requests for production are intended to include all information in your possession or subject to your custody or control, whether directly or indirectly.  Information is deemed to be within your possession, custody or control if:

(a) It is within your actual knowledge or possession; or

(b) It is within the knowledge of any other person or entity and you could obtain the information upon conducting a reasonable inquiry.

5.      In the event that the Plaintiff claims that a request is overbroad, objecting Plaintiff shall respond to that portion of the request which is unobjectionable and specifically identify the respect in which the request is allegedly overly broad.

6.      In the event that the Plaintiff claims that a request is unduly burdensome, the objecting Plaintiff shall respond to that portion of the request which is unobjectionable and specifically identify the respect in which the request is allegedly unduly burdensome.

7.      If any information requested by these document requests has been destroyed, lost, discarded or otherwise disposed of, identify such information as completely as possible, including, without limitation, the following information: contents; author(s); recipient(s); sender(s); date prepared and/or received; date of disposal/destruction; manner of disposal/destruction; any person(s) currently in possession of the information; the person(s) disposing of/destroying the information; and the circumstances surrounding the disposal or destruction of the information.

8.      Where a claim of privilege or immunity is asserted in responding or objecting to any discovery requested in these requests for production, and information is withheld on the basis of such assertion, the following information shall be provided:

(a) The nature of the privilege or immunity claimed (e.g., attorney client

A00098

privilege, work product immunity);

    (b) The basis of the claim of privilege or immunity;

    (c) The identity of each person possessing the information withheld; and

    (d) If the information withheld constitutes or relates to a communication, the date and place of the communication and the general subject matter of the communication.

If a document contains both privileged and unprivileged material, the unprivileged material shall be disclosed to the fullest extent possible without disclosing the privileged material.

          9. Requested documents or things which are not in the possession of the Plaintiff, but which the Plaintiff knows or has reason to believe exist, should be identified to the extent possible indicating the circumstances of the Plaintiff's knowledge or belief regarding the document or things and the persons who are believed to have possession of the documents or things and their address.

     You are cautioned that your obligation to provide proper responses to these Requests cannot be fulfilled unless you read each question in conjunction with the definitions provided above to ensure that all requested documentation and tangible items are provided as required under the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

     All documents which have been utilized to prepare answers for, are referred to, identified, or required to be identified, in any of your answers to Defendant's First Set of Interrogatories to you.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all documents, medical reports, notes, reports of diagnostic tests, charts, diagrams, images, photographs, videotapes, emergency room or ambulance reports, or other any other medical records, whether generated prior to or following the conclusion of your employment with Defendant DSCYF, which detail any mental, psychological, or emotional injury to the Plaintiff.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents which comprise any diary, journal, log, or other written account of the Plaintiff's employment with the Defendant or any other employer, authored by the Plaintiff.

**REQUEST FOR PRODUCTION NO. 4:**

All documents you expect to rely on at trial, in briefing, or at any deposition or hearing concerning this matter.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents you, or your attorney transmit, have transmitted, or intend to transmit to any witness intended to be called at trial including but not limited to expert witnesses whether or not intended to be called as a witness at trial.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all of Plaintiff's federal and state tax return forms, w-2, or w-4 forms for the tax years 1990 through 2005.

**REQUEST FOR PRODUCTION NO. 7:**

All documents referring or relating to your employment record with DSCYF, including, but not limited to: (i) any complaints lodged against you by any other persons,

(ii) any altercations with any other persons, (iii) any reprimands or misconduct citations received by you, and (iv) any prior incidents of alleged or actual rule violations or inappropriate behavior involving you.

**REQUEST FOR PRODUCTION NO. 8:**

All documents that were written, authored, generated in any way, by Plaintiff which pertain to Plaintiff's employment at DSCYF, or any complaint, dispute, disagreement, or altercation with anyone while working at the DSCYF.

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

Aaron R. Goldstein, ID# 3735
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
Attorney for Defendant DSCYF.

Date:    March 14, 2006

A00101



# STATE OF DELAWARE
### DEPARTMENT OF JUSTICE

## CARL C. DANBERG
**Attorney General**



| NEW CASTLE COUNTY | KENT COUNTY | SUSSEX COUNTY |
|---|---|---|
| Carvel State Building | 102 West Water Street | 114 E. Market Street |
| 820 N. French Street | Dover, DE 19904 | Georgetown, DE 19947 |
| Wilmington, DE 19801 | Criminal Division (302) 739-4211 | (302) 856-5352 |
| Criminal Division (302) 577-8500 | Fax: (302) 739-6727 | Fax: (302) 856-5369 |
| Fax: (302) 577-2496 | Civil Division (302) 739-7641 | TTY: (302) 856-2500 |
| Civil Division (302) 577-8400 | Fax: (302) 739-7652 | |
| Fax: (302) 577-6630 | TTY: (302) 739-1545 | |
| TTY: (302) 577-5783 | | |

**PLEASE REPLY TO:**

February 24, 2006

[New Castle County-Civil Division]

### *VIA HAND DELIVERY*

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
First Federal Plaza, Suite #600
P.O. Box 1675
Wilmington, DE 19899

**Re:    Anne Marquis v. State of Delaware, DSCYF**
**C.A. No. 05-501-SLR**

Dear Gary:

Please immediately produce your client's Rule 26(a)(1) initial disclosures in the above-referenced matter. According to the scheduling order entered by Judge Robinson, these disclosures were due February 7, 2006.

Please feel free to give me a call if you have any questions.

Very truly yours,

Aaron R. Goldstein
Deputy Attorney General

ARG/lc

CC: James Maxwell, Esquire

A00102




# STATE OF DELAWARE
### DEPARTMENT OF JUSTICE

### CARL C. DANBERG
**Attorney General**

| | | |
|---|---|---|
| **NEW CASTLE COUNTY**<br>Carvel State Building<br>820 N. French Street<br>Wilmington, DE 19801<br>Criminal Division (302) 577-8500<br>Fax: (302) 577-2496<br>Civil Division (302) 577-8400<br>Fax: (302) 577-6630<br>TTY: (302) 577-5783 | **KENT COUNTY**<br>102 West Water Street<br>Dover, DE 19904<br>Criminal Division (302) 739-4211<br>Fax: (302) 739-6727<br>Civil Division (302) 739-7641<br>Fax: (302) 739-7652<br>TTY: (302) 739-1545 | **SUSSEX COUNTY**<br>114 E. Market Street<br>Georgetown, DE 19947<br>(302) 856-5352<br>Fax: (302) 856-5369<br>TTY: (302) 856-2500 |

**PLEASE REPLY TO:**    [New Castle County-Civil Division]

March 13, 2006

*VIA HAND DELIVERY*

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
First Federal Plaza, Suite #600
P.O. Box 1675
Wilmington, DE 19899

**Re:    Anne Marquis v. State of Delaware, DSCYF**
         **C.A. No. 05-501-SLR**

Dear Gary:

Please immediately produce your client's Rule 26(a)(1) initial disclosures in the above-referenced matter. This is the Defendant's second letter on this topic. I have also attempted to contact you about this topic via phone several times. According to the scheduling order entered by Judge Robinson, these disclosures were due February 7, 2006.

As you are aware, Rule 26 disclosures are designed to provide parties with notice of proposed witnesses and documentary evidence. Your client's failure to timely produce this information has interfered with the Defendant's ability to take discovery in this matter. Should your client continue to fail to comply with the Court's Order in this matter, the Defendant will be forced to file a motion to compel production. Please consider this letter the Defendants' "good faith attempt to confer" and "reasonable effort to reach agreement" as required by Federal Rule 37(a)(2) and Local Rule 7.1.1.

A00103

Gary W. Aber, Esquire
March 13, 2006
Page 2

     Please feel free to give me a call if you would like to discuss this matter in more detail.

Very truly yours,


Aaron R. Goldstein
Deputy Attorney General

ARG/lc

CC:  James Maxwell, Esquire



# STATE OF DELAWARE
## DEPARTMENT OF JUSTICE

### CARL C. DANBERG
**Attorney General**



| NEW CASTLE COUNTY | KENT COUNTY | SUSSEX COUNTY |
|---|---|---|
| Carvel State Building | 102 West Water Street | 114 E. Market Street |
| 820 N. French Street | Dover, DE 19904 | Georgetown, DE 19947 |
| Wilmington, DE 19801 | Criminal Division (302) 739-4211 | (302) 856-5352 |
| Criminal Division (302) 577-8500 | Fax: (302) 739-6727 | Fax: (302) 856-5369 |
| Fax: (302) 577-2496 | Civil Division (302) 739-7641 | TTY: (302) 856-2500 |
| Civil Division (302) 577-8400 | Fax: (302) 739-7652 | |
| Fax: (302) 577-6630 | TTY: (302) 739-1545 | |
| TTY: (302) 577-5783 | | |

**PLEASE REPLY TO:**          [New Castle County-Civil Division]

June 20, 2006

### *VIA HAND DELIVERY*

Gary W. Aber, Esquire
Aber, Goldlust, Baker & Over
First Federal Plaza, Suite #600
P.O. Box 1675 '
Wilmington, DE 19899

**Re:    Anne Marquis v. State of Delaware, DSCYF**
**C.A. No. 05-501-SLR**

Dear Gary:

Please immediately produce your client's Rule 26(a)(1) initial disclosures in the above-referenced matter. This is the Defendant's third and final letter on this topic. According to the scheduling order entered by Judge Robinson, these disclosures were due February 7, 2006, more than four months ago. As you are aware, Rule 26 disclosures are designed to provide parties with notice of proposed witnesses and documentary evidence. Your client's failure to timely produce this information has interfered with the Defendant's ability to take discovery in this matter and defend itself. As a result, the Defendant reserves the right object to any witness or document which the Plaintiff intends to use in the prosecution of her claim.

Additionally, your client has failed to respond to the Defendant's Interrogatories and Requests for Production of Documents. Your client's responses to these requests are now more than 60 days past due. As it is wasteful and potentially costly to your client to engage in Motion to Compel practice, please forward these responses immediately.

Should your client continue to fail to comply with the Court's Order and continue in default of her discovery obligations, the Defendant will be forced to file a motion to

A00105

Gary W. Aber, Esquire
June 20, 2006
Page 2

compel production and seek the recovery of attorney fees. Such action is clearly not desired by either party.

Please consider this letter the Defendant's "good faith attempt to confer" and "reasonable effort to reach agreement" as required by Federal Rule 37(a)(2) and Local Rule 7.1.1. Please contact me to indicate when you client will produce this information.

Very truly yours,

Aaron R. Goldstein
Deputy Attorney General

ARG/lc

CC: James Maxwell, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ANNE MARIE MARQUIS,                )
                                   )
            Plaintiff,             )
                                   )        C.A. No.:  05-501 (SLR)
    v.                             )
                                   )
STATE OF DELAWARE,                 )        Trial By Jury Demanded
DEPARTMENT OF SERVICES FOR         )
CHILDREN, YOUTH AND THEIR          )
FAMILIES,                          )
                                   )
            Defendant.             )

## NOTICE OF SERVICE

PLEASE TAKE NOTICE, that Plaintiff's Rule 26(a)(1) Initial Disclosures were

was hand delivered to the following counsel on July 6, 2006 :

> Aaron R. Goldstein, Esquire
> State of Delaware Department of Justice
> Carvel State Office Building
> 820 N. French Street
> Wilmington, DE  19801

ABER, GOLDLUST, BAKER & OVER

_____/s/ Gary W. Aber_____
GARY W. ABER (DSB #754)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE  19899
(302) 472-4900
Attorney for Plaintiffs

DATED:  July 6, 2006

A00107

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the attached pleading was served via electronic filing on July 6, 2006 to the following counsel:

> Aaron R. Goldstein, Esquire
> State of Delaware Department of Justice
> Carvel State Office Building
> 820 N. French Street
> Wilmington, DE  19801


> _____ /s/ Melissa A. Chionchio ___
> Melissa A. Chionchio
> Secretary to Gary W. Aber, Esquire

A00108

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ANNE MARIE MARQUIS,                          )
                                             )
            Plaintiff,                       )
                                             )
                                             )        C.A. No.: 05-501 (SLR)
      v.                                     )
                                             )
STATE OF DELAWARE,                           )        Trial By Jury Demanded
DEPARTMENT OF SERVICES FOR                   )
CHILDREN, YOUTH AND THEIR                    )
FAMILIES,                                    )
                                             )
            Defendant.                       )

## PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO RULE 26(a)

The plaintiff in the above-captioned matter, discloses the following information in compliance with Rule 26(a)(1), Federal Rules of Civil Procedure, and the scheduling order in this matter. These disclosures are based on information reasonably available to the plaintiff as of this date. Continuing investigation and discovery may alter these disclosures. The plaintiff reserves the right to supplement the information disclosed below if additional information becomes available.

By making these disclosures, the plaintiff does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this claim. Nor does the plaintiff waive her right to the objection of the production of any document or tangible thing disclosed on the basis of any privilege, the work product doctrine, the irrelevancy, undue burden or other valid objection. The plaintiff's disclosures represent a good faith effort to identify information it reasonably believes is required by Rule 26(a)(1).

Plaintiff's disclosures are made without waiver of:

1.      The right to object on the grounds of privilege, relevancy, materiality, hearsay, or other proper ground.

2.      The right to object to any such information for any purpose in whole or in part or any other action; and

3.      The right to object on any and all proper grounds, at anytime, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

All the disclosures set forth below are made subject to the above objections and qualifications:

**A.      Individuals likely to have discoverable information in support of plaintiff's claims:** Levise Settles, P.J. Heines, Brian McNell, Dr. Ashley J. Angert, Hope Bacerak, Sherry Sczuka, Janet Oliver, Maria Rivera, Dr. Tammy Walker, Dr. Tom Hbeisen, Dr. Kevin Loomis, Donna Barto, Sheila Green, Lindsay Marchione, Eleanor Irons, Jan Littleton, Diane DiSabatino, Maggie Hanna, Joseph Conaway.

In addition, the plaintiff reserves the right, pursuant to Rule 26(e), to identify additional witnesses.   Plaintiff further reserves the right to identify and call any witnesses listed by the defendant.

**B.      Documents:**

1.      Delaware Department of Labor and EEOC Documents

2.      Notes prepared by Plaintiff for Perry F. Goldlust, Esquire (Privileged Attorney Client Communications).

3.      Various emails between the plaintiff and DHSS employees.

A00110

4.    Documents relating to grievances filed by the plaintiff, complaining of the sexual harassment alleged in this matter.

Copies of current available and unprivileged documents will be produced upon request of the defendant.  The plaintiff reserves the right pursuant to Rule 26(e) to identify additional documents.  Plaintiff reserves the right to identify and utilize any document listed by the defendant.

C.    **Damage Computation:**

The plaintiff seeks compensation for her pain, suffering, and mental anguish, as well as both medical bills in the past, and medical bills, which will be incurred in the future.

ABER, GOLDLUST, BAKER & OVER

GARY W. ABER (DSB #754)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE  19899
(302) 472-4900
Attorney for Plaintiffs

DATED:  July 6, 2006

A00111

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ANNE MARIE MARQUIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-501-SLR |
| | ) | |
| STATE OF DELAWARE, | ) | |
| DEPARTMENT OF SERVICES FOR | ) | |
| CHILDREN, YOUTH AND THEIR | ) | |
| FAMILIES, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on <u>October 2, 2006</u>, she caused the attached,

*Appendix to Opening Brief in Support of Defendant's Motion for Summary Judgment*, to

be electronically filed with the Clerk of Court using CM/ECF which will send

notification of such filing to the following:

      Gary W. Aber, Esquire
      Aber, Goldlust, Baker & Over
      First Federal Plaza, Suite 600
      P.O. Box 1675
      Wilmington, DE 19899

                              /s/ Stephani J. Ballard
                              Stephani J. Ballard, I.D. #3481
                              Deputy Attorney General
                              Carvel State Office Building
                              820 N. French Street, 6th Floor
                              Wilmington, DE  19801
                              (302)577-8400
                              Attorney for Defendant